UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

GARY E. GIBSON, )
)
    Plaintiff, )
)
v. ) No. 1:26-CV-009-CLC-CHS
)
BAYER AG MONSANTO, )
)
    Defendant. )

## MEMORANDUM OPINION

    Plaintiff, an inmate of the Federal Correctional Institution in Butner, North Carolina, filed a pro se complaint regarding his alleged exposure to Roundup pesticide during his North Carolina confinement [Doc. 1 at 1]. On January 12, 2026, United States Magistrate Judge Christopher Steger entered an order noting that Plaintiff had not paid the filing fee or filed the required documents to proceed *in forma pauperis* herein, providing him thirty days to do so, and notifying Plaintiff that if he failed to do so, the Court would presume that he is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution [Doc. 7 at 1–2]. Plaintiff has not complied with this order, and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

    Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal

under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).  The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this case is due to his willfulness or fault, as it appears that Plaintiff received Judge Steger's order and chose not to comply.  As to the second factor, Plaintiff's failure to pay the filing fee or file the required documents to proceed *in forma pauperis* has not prejudiced Defendant.  As to the third factor, as set forth above, Judge Steger warned Plaintiff that failure to timely comply with his previous order would result in this action being dismissed [Doc. 7 at 2].  Finally, as to the fourth factor, the Court finds that alternative sanctions are not appropriate, as Plaintiff failed to comply with the Court's clear instructions, and it does not appear that he seeks to prosecute this action.  On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).  Nothing about Plaintiff's pro se status prevented him from complying with Judge Steger's order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff will be **ASSESSED** the filing fee of $405, and this action will be **DISMISSED**.  The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion

and the accompanying order to the custodian of inmate accounts at Plaintiff's facility and the Court's financial deputy. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

    **AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

    **ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**